United States District Court
Southern District of Texas
**ENTERED**
July 21, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MARCQUISE DOVAUGHN CRAIG, (SPN #02975308)<br>Plaintiff, | § CIVIL ACTION NO.<br>§ 4:20-cv-1441<br>§<br>§<br>§<br>§ |
| vs. | § JUDGE CHARLES ESKRIDGE<br>§<br>§ |
| HERB RITCHIE, *et al.*,<br>Defendants. | §<br>§ |

## MEMORANDUM AND OPINION

The motion by Plaintiff Marcquise Dovaughn Craig to proceed *in forma pauperis* is granted. Dkt 2. His complaint is dismissed as frivolous. Dkt 1.

1. Background

Craig is an inmate of the Harris County Jail. He proceeds here *pro se*. He brought suit in April 2020 alleging civil rights violations resulting from a denial of due process. He has sued Herb Ritchie, Judge of the 263rd Judicial District Court of Harris County, Texas; Casey Goodmon, Assistant District Attorney for Harris County; and Lourdes Rodriguez, his court-appointed defense attorney.

Craig makes numerous assertions. He asserts that he has been falsely imprisoned since June 4, 2019. He says that Rodriguez has rendered ineffective assistance and that Goodmon has made false accusations. He complains that Judge Ritchie refused both his request to dismiss Rodriguez and his request to represent himself at trial. He alleges that he was exposed to COVID-19 while in the courtroom. Dkt 1 at 4. He seeks unspecified compensatory damages.

Online research reveals that Craig currently faces charges in three different actions. He is charged in Cause Number 163423501010 with possession of between four and two hundred grams of a controlled substance. He is charged in Cause Number 163423401010 with aggravated assault with a deadly weapon. And he is charged in Cause Number 163296201010 with possession of less than one gram of a controlled substance.

2. Legal standard

A federal court has the authority to dismiss an action at any time in which the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 USC § 1915(e)(2)(B)(i).

A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez,* 504 US 25, 31 (1992), quoting *Neitzke v Williams*, 490 US 319, 325 (1989); *Richardson v Spurlock,* 260 F3d 495, 498 (5th Cir 2001), citing 28 USC § 1915(e)(2). And it lacks *an arguable basis in law* "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v Scott,* 157 F3d 1003, 1005 (5th Cir 1998), quoting *McCormick v Stalder,* 105 F3d 1059, 1061 (5th Cir 1997).

3. Analysis

a. Judicial misconduct

Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction. *Stump v Sparkman*, 435 US 349, 356–57, 360 (1978). The Supreme Court construes a judge's jurisdiction broadly. The function performed governs the immunity analysis. For instance, see *Forrest v White*, 484 US 219, 229–30 (1988) (denying absolute immunity when judge performed administrative rather than judicial duties). A judge doesn't lose immunity simply on claim that the action taken was erroneous, malicious, or exceeded authority. *Stump*, 435 US at 356.

Judge Ritchie presided over criminal proceedings against Craig. Craig doesn't allege, and the record doesn't support, a clear absence of jurisdiction on the part of this judicial officer. Craig instead challenges actions and omissions by the judge in those

2

proceedings. But the complained-of acts against Judge Ritchie arose out of his handling of that case. For instance, ruling on requests for self-representation are normal judicial functions. Absolute immunity precludes such claims.

### b. Prosecutorial misconduct

Prosecutors also have absolute immunity from claims for damages when performing their duties as prosecutors. *Loupe v O'Bannon*, 824 F3d 534, 539 (5th Cir 2016) (citations omitted). Such immunity applies to a prosecutor's actions when initiating a prosecution and in handling the case through the judicial process. Ibid. Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Van de Kamp v Goldstein*, 555 US 335, 342–43 (2009), quoting *Imbler v Pachtman*, 424 US 409, 430 (1976).

Craig seeks damages against an assistant district attorney for actions taken during his prosecution—specifically, her advocacy in representation of the government. Absolute immunity precludes that claim.

### c. Ineffective assistance of counsel

Craig brings his cause of action under 42 USC § 1983. This requires a showing that he suffered the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. *Baker v McCollan*, 443 US 137, 140 (1979). Private attorneys are not official state actors and generally are not subject to section 1983 claims. *Hudson v Hughes,* 98 F3d 868, 873 (5th Cir 1996), citing *Polk County v Dodson,* 454 US 312, 324–25 (1981), *Mills v Criminal District Court No. 3,* 837 F2d 677, 679 (5th Cir 1988).

Rodriguez has served as Craig's attorney during his prosecution. She is not a state actor. The claim for ineffective assistance against her is thus not cognizable in a section 1983 action.

### d. Municipal liability

The complaint by Craig is construed liberally because he proceeds *pro se*. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007). As such,

Craig also asserts that Harris County exposed him to COVID-19 while he was in the 337th Judicial District Court of Harris County, Texas. Dkt 1 at 4. This seeks to impose municipal liability as part of his § 1983 claim.

Municipal liability under § 1983 doesn't extend merely on a *respondeat superior* basis. *Monell v Department of Social Services,* 436 US 658, 691 (1978). A plaintiff must show that an official policy promulgated by the municipal policymaker was the moving force behind a challenged violation of a constitutional right. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001). This means that a plaintiff must identify several things to proceed on such a claim—the official policy or custom that is itself challenged; a policymaker chargeable with actual or constructive knowledge of the policy or custom; and a constitutional violation whose "moving force" is that policy or custom. *Valle v City of Houston*, 613 F3d 536, 541–42 (5th Cir 2010), quoting *Pineda v City of Houston*, 291 F3d 325, 328 (5th Cir 2002). Whether an individual is a final policymaker for the county is a question of state law. *Bolton v City of Dallas, Texas*, 541 F3d 545, 548 (5th Cir 2008) (citations omitted).

Craig pleads neither a specific policy or custom in support of his claim, nor a policymaker. It would be of no concern at this stage that Craig fails to articulate "the specific identity of the policymaker." *Groden v City of Dallas, Texas*, 826 F3d 280, 285 (5th Cir 2016). But he must still "plead *facts* that show that the defendant or defendants acted pursuant to a specific official policy, which was promulgated or ratified by the legally authorized policymaker." Id at 282 (emphasis in original). He doesn't do so. No potential policymaker is named. And no facts are set forth in this regard.

Craig hasn't carried his burden to plead sufficient facts establishing either the policy or policymaker necessary to liability under § 1983. And so the Court needn't examine whether there was a "violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F3d at 578, citing *Monell*, 436 US at 694, 698. Regardless, Craig makes no allegation that he contracted COVID-19.

4

4. Conclusion

The motion to proceed *in forma pauperis* is GRANTED. Dkt 2.

The complaint lacks an arguable basis in law. It is DISMISSED WITH PREJUDICE under 28 USC § 1915(e)(2)(B)(i).

Any other pending motions are DENIED as moot.

The HCJ must deduct twenty percent of each deposit made to Craig's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10, until the filing fee obligation of $350 is paid in full.

The Clerk of Court will send a copy of this Order to:

> Thomas Katz, Manager of the Inmate Trust Fund
> 1200 Baker Street
> Houston, Texas 77002
> Fax: (713) 755-4546

and

> Manager of the Three-Strikes List
> Southern District of Texas
> Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on July 21, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge